IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| SHAUB CONSTRUCTION COMPANY, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | No. _____ |
| v. | ) ) |  |
| HARLEYSVILLE MUTUAL INSURANCE COMPANY | ) ) ) |  |
| Defendant. | ) ) |  |

## COMPLAINT

Plaintiff Shaub Construction Company, Inc., states the following Complaint against Defendant, Harleysville Mutual Insurance Company:

### JURISDICTION AND VENUE

1. This is an action at law to redress the harm caused to Plaintiff by Defendant's breach of the terms and conditions of a certain insurance policy in refusing to pay claims under the policy without justification or cause.

2. Plaintiff Shaub Construction Company, Inc. ("Shaub") is a Tennessee corporation with its principal offices at 2839 Logan Street, Nashville, Tennessee 37211-2409.

3. Defendant Harleysville Mutual Insurance Company ("Harleysville") is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located in Harleysville, Pennsylvania. It is licensed to do business in the State of Tennessee.

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different States.

5. All actions complained of herein occurred in Davidson County, Tennessee. The damages sustained by Plaintiff occurred on the Due West Shopping Center project located in Davidson County, Tennessee.

6. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District and various construction projects giving rise to the claim lie within this District.

**FACTS**

5. In 2002 Harleysville issued a commercial general liability insurance policy to Shaub, Policy No. MPA ID009 ("Policy"), which set forth the parties' respective duties and obligations under said Policy. A copy of the Policy is attached hereto as **Exhibit A**.

6. Pursuant to the "Insuring Agreement" of the Policy, Harleysville agreed as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right to and duty to defend the insured against any "suit" seeking those damages.

7. The "property damage" coverages provided by the Policy were limited by various exclusions within the terms of the Policy. The exclusion sections of the Policy, specifically "Section I – Coverages, 2., Exclusions, 1. Damage to Your Work," provided as follows:

> **2. Exclusions**
> This insurance does not apply to: . . .
>
> . . . l. Damage to Your Work
>
> "Property damage" to "your work" arising out of its or any part of it and included in their "products-completed operations hazard".
>
> ***This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*** (Emphasis added).

8. In 2003 and 2004, Shaub contracted with MRW Realty Joint Venture ("Owner") to re-roof certain areas at the Due West Shopping Center ("Project") located in Davidson County, Tennessee.

9. Shaub thereafter subcontracted with King Roofing, whereby King Roofing agreed to provide all the necessary labor and materials to complete the re-roofing work on the Project.

10. King Roofing advised Shaub that it had performed a moisture scan of the roof areas at issue and determined that there was not any moisture present nor any other moisture problems with the underlayment of the existing roof.

11. King Roofing proceeded to remove and replace the roof.

12. During construction of the roof in 2003, there was a rain storm and a number of night seals broke. The "night seals" are temporary seals put in place to protect the roof work overnight.

13. As a result of the failure of the night seals, water was allowed to penetrate through the roof underlayment and cause damage to the entire roof system.

14. King assured Shaub that it would repair all damage to the roof system resulting from the incident.

15. King thereafter performed certain repair work upon the roof and otherwise completed the re-roofing project.

16. Sometime after King Roofing completed its work, the Owner discovered a problem with the roofing system and hired a consultant to determine if the roofing system was defective.

17. The Owners' consultant found the presence of significant moisture in the underlayment of the roof, that the roofing underlayment had significantly deteriorated, and that this necessitated replacing the entire roof. Further, the consultant determined that the deterioration was due to the failure of King to fully and completely repair the water damage resulting from the incident.

18. Due to the property damage, the entire roof system had to be replaced, and the Owner made demand upon Shaub to replace the roof. A notice of occurrence/claim was given to the Defendant Harleysville on or about August 18, 2004, receipt of which was acknowledged by Defendant Harleysville on or about August 27, 2004. A copy of the acknowledgement of notice of the claim is attached as **Exhibit B.**

19. By letter dated October 1, 2004, Defendant Harleysville gave a reservation of rights without formally denying the claim. A copy of the reservation of rights letter is attached at **Exhibit C.**

20. The Owner made repeated demands upon Shaub to replace the roof. Since the property damages were caused by Shaub's subcontractor, Shaub requested that Harleysville pay for the repair and replacement of the roof.

21. Despite repeated demands by Shaub, Defendant Harleysville refused to treat the claim as covered under the terms of the applicable insurance policy and to repair the damages or replace the defective work.

22. In an effort to mitigate its damages and as a result of Defendant Harleysville's refusal to cover the claim, Shaub paid $242,000 to repair and replace the property damages caused by King Roofing.

23. On January 28, 2005, Defendant Harleysville gave its final decision that coverage of the claim by Shaub was denied. A copy of the letter is attached as **Exhibit D.**

## COUNT I
### *Breach of Contract*

24. Shaub re-alleges and incorporates all the preceding paragraphs of this Complaint as if set forth herein in full.

25. The roofing problems described above constitute property damage under Shaub's policy language.

26. Under the terms of the policy, damage to the work performed by King Roofing is not excluded from coverage because the damaged work was the result of the subcontractor's actions.

27. Pursuant to the Policy, Defendant Harleysville was obligated to pay the claim.

28. Defendant Harleysville breached its contract with Shaub by failing to pay the claims at issue as provided in the Policy.

29. As a result of Defendant's breach, Shaub has been damaged in an amount to be proven at trial but currently estimated to exceed $242,000.00.

## COUNT II
### *Bad Faith Claim*

30. Shaub incorporates by reference all the preceding paragraphs of this Complaint as if set forth herein in full.

31. Shaub timely notified Harleysville of the damages resulting from King Roofing's work. More than sixty (60) days passed since Shaub notified Harleysville of the damage and made demand upon Harleysville to fulfill its obligations under the Policy.

32. Under the terms of the Policy, Harleysville was obligated to pay those sums that the insured became legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

33. Despite demand by Shaub, Harleysville breached its obligations under the Policy without justification or cause. Harleysville's breaches include, but are not limited to failing to investigate, correct, and/or pay those sums that the insured becomes legally obligated to pay under the requirements of the Policy.

34. Due to Harleysville's breach of its obligations under the Policy, Shaub is entitled to relief under Tenn. Code Ann. § 56-7-105, which states, in pertinent part:

> The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the

250118.1 (739:5)　　　　　　　　　　6

Case 3:08-cv-00556　Document 1　Filed 05/30/08　Page 6 of 7 PageID #: 6

additional expense, loss, and injury including attorney fees thus entailed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Shaub Construction, Inc., requests:

1) That proper process issue and be served upon the Defendant, and that the Defendant be required to appear and answer this Complaint within the time required by law; and

2) That Shaub be awarded a judgment for breach of the Contract against Defendant in an amount to be proven at trial but presently estimated to be in excess of $242,000; and

3) That Shaub be awarded relief under Tenn. Code Ann. § 56-7-105, in an amount to be proven at trial.

4) That Shaub be awarded its interest, cost, and attorney's fees.

5) That the Court award Shaub any such other, further and additional relief to which it may be entitled.

Respectfully submitted,

*signature*
Jefferson C. Orr (#12743)
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, Tennessee 37201-1603
(615) 742-8555 Telephone
(615) 742-8556 Facsimile
jorr@smithcashion.com
*Attorneys for Plaintiff Shaub Construction Co., Inc.*